The People v. United States Fidelity & Guar. Co., 189 Ill. App. 593.

previously objected to the title because of certain building restrictions would not relieve him of giving notice of the same defects, if he intended to rely on them, within ten days after the abstract was furnished.

2. VENDOR AND PURCHASER, § 242*—*when earnest money may be forfeited.* Where a seller of real estate did not waive the provisions of a contract requiring objections to the title to be made within ten days after the abstract was furnished, he was entitled to recover the earnest money which the contract provided should be forfeited as liquidated damages, even though building restrictions existed which were material defects in the title.

3. VENDOR AND PURCHASER, § 103*—*when provision of contract not waived.* A seller of real estate does not waive provisions of a contract requiring notice of objections to the title to be made within a certain time, even though it appears that the buyer previously objected to such title because of certain building restrictions and a third party, at whose office the contract was to be completed, agreed to have such restrictions removed, where there was no evidence that such third party was the agent of the seller, or authorized to make the promise.

The People of the State of Illinois for use of Charles E. Titley, Plaintiff in Error, v. United States Fidelity & Guaranty Company, Defendant in Error.

Gen. No. 19,082.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed November 25, 1914.

## Statement of the Case.

Suit by the People of the State of Illinois for use of Charles E. Titley against United States Fidelity & Guaranty Company as surety on a receiver's bond. A demurrer to the declaration was sustained, and plain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CLXXXIX 38

tiff electing to stand by his declaration was adjudged to go hence without day and to pay the costs, whereupon he sued out this writ of error.

BITHER, GOFF & FRANCIS, for plaintiff in error.

GEORGE H. MASON, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. RECEIVERS, § 57*—*when receiver or surety is liable for funds.* Neither the principal nor surety on a receivers' bond can be held liable for a failure to pay out funds as such receiver, until it is shown that he has or has had funds in his hands as such receiver.

2. RECEIVERS, § 57*—*when declaration against surety is insufficient.* A declaration in a suit against a surety on a receiver's bond because of the failure of the receiver to pay a certain sum out of funds derived from rents of certain premises is fatally defective, where there is no averment that the receiver ever had in his possession as receiver any rent whatever derived from the premises in question or any other funds from any source.

---

## Samuel W. Winefield, Plaintiff in Error, v. Congregation of the Resurrection et al., Defendants in Error.

### Gen. No. 19,103.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed November 25, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Suit by Samuel W. Winefield against the Congregation of the Resurrection, a corporation, and Andrew

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.